PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1997 Ford Explorer struck a piece of wood laying in the road while he was traveling west on 1-64 in Summers County, on the New River Bridge. 1-64 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:35 p.m., on February 24, 2005. Mr. Conner testified that it had just started to snow. 1-64 is a four-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving in his left lane of traffic while he was passing a tractor trailer. Mr. Conner stated that while he was passing the tractor trailer he noticed a piece of wood laying in the roadway. He testified that it appeared to be a four by four that was about eight feet long. Mr. Conner was unable to avoid the piece of wood due to the tractor trailer that he was passing. His vehicle struck the piece of wood, causing damage to two rims and two wheels totaling $336.90.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-64 at the site of the claimant’s accident for die date in question.
Dale Hughart, Supervisor for the respondent along 1-64 in Greenbrier, Raleigh, and Summers County, testified that he had no knowledge of any pieces of wood in the road on 1-64 on the exit New River Bridge. Mr. Hughart stated that the first time his office became aware of the piece of wood was after claimant’s accident. He stated that one of respondent’s drivers was treating this section of road every twenty-five minutes on the night of claimant’s accident. The driver did not see the debris in the road until after claimant’s accident. Mr. Hughart stated that the driver plowed the debris off of the road when he first noticed it. Respondent had received no notice of any debris in the road along this stretch of 1-64 on the day of the incident in question.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the evidence established that the respondent did not have actual or constructive notice of a piece of wood on 1-64 on the New River Bridge prior to the incident in question. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus, die claimant may not make a recovery for his loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this *61 claim.
Claim disallowed.